UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KARL WIRTH,<br><br>               Plaintiff,<br><br>v.<br><br>SALESFORCE, INC.,<br><br>               Defendant. | CIVIL ACTION NO. 1:23-cv-11718 |

**SALESFORCE, INC.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Pursuant to Fed. R. Civ. P. 12(b)(6), Defendant Salesforce, Inc. ("Salesforce") moves the Court to dismiss Plaintiff Karl Wirth's ("Plaintiff") complaint (the "Complaint") for failure to state a claim upon which relief may be granted. As ground for this Motion, and as more fully detailed in the accompanying Memorandum of Law, Salesforce's Motion to Dismiss should be granted for the following reasons:

Plaintiff is a former Salesforce executive that Salesforce terminated for performance issues. Plaintiff now claims that Salesforce committed whistleblower retaliation in violation of the Sarbanes-Oxley Act ("SOX"), Section 806, 18. U.S.C. § 1514A when it terminated Plaintiff after he "complained" that Salesforce misrepresented the real-time processing capabilities of Salesforce's Customer Data Platform ("CDP"), formerly known as Genie. Plaintiff's claim is baseless and fails as a matter of law.

To bring a SOX whistleblower retaliation claim, Plaintiff must, among other things, show that he engaged in protected activity because he held a subjective and objectively reasonable belief that Salesforce engaged in shareholder fraud. Plaintiff has not done this and cannot do this. Therefore, the Complaint must be dismissed.

1

<u>First</u>, the Complaint fails to establish that Plaintiff had a subjectively reasonable belief that Salesforce engaged in shareholder fraud. At most, the Complaint shows that Salesforce and Plaintiff merely had differing views of the meaning of "real-time," which is an undefined term. Moreover, as explained in more detail in the Memorandum of Law submitted herewith, the Complaint contains internal inconsistencies that are fatal to Plaintiff's claim and Plaintiff's "belief" that Salesforce engaged in shareholder fraud is based on an inaccurate summary of Salesforce's statements and Plaintiff's outdated knowledge of Genie's capabilities.

<u>Second</u>, the Complaint fails to establish that Plaintiff's belief was objectively reasonable because a reasonable person in Plaintiff's position would not have believed that the conduct constituted a violation. As noted above, Plaintiff knew "real-time" was not a defined term. A reasonable person would also know this and would not reasonably believe that fraud was occurring because Salesforce's interpretation and explanation of an undefined term differed from his own. As also noted above, Plaintiff's knowledge of Genie's capabilities was outdated. A person with Plaintiff's experience in the industry would know that significant technological developments would have occurred between the time he had knowledge of Genie's capabilities and Salesforce's purported statements about those capabilities. Further, a reasonable person would not misinterpret or misconstrue the actual statements Salesforce made about Genie the way Plaintiff has to make this claim. Finally, the Complaint fails to establish Plaintiff's belief was objectively reasonable because the belief does not approximate the basic elements of shareholder fraud, which, at a high level, are scienter, that the alleged misstatements were material to and relied upon by shareholders, and that the conduct yielded economic loss. Plaintiff fails to assert any allegations relating to materiality, reliance, or economic loss and the minimal allegations he makes about scienter are deficiently conclusory and based on pure speculation.

For these reasons, as set forth in more detail in the accompanying Memorandum of Law, Salesforce respectfully requests that the Court grant this Motion and dismiss the Complaint.

## REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1(d), Salesforce believes that oral argument may assist the Court and respectfully requests to be heard on this motion.

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1

Salesforce's undersigned conferred with counsel for the Plaintiff in a good faith attempt to narrow or resolve the issues raised by this Motion.

Respectfully submitted,

**SALESFORCE, INC.**

**By its attorneys,**

*/s/ Kathleen D. Parker*
Kathleen D. Parker (BBO #681635)
  kathleen.parker@klgates.com
K&L GATES LLP
One Congress Street, Suite 2900
Boston, MA 02114
Tel. 617-261-3100

Dated this 16th day of October 2023

**CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that the foregoing was filed through the Electronic Court Filing system on October 16, 2023, and a copy thereof will be sent electronically to the registered recipients and registered counsel of record.

                                                          */s/ Kathleen D. Parker*
                                                          Kathleen D. Parker