**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| KARL WIRTH, <br><br>                 Plaintiff, <br><br> v. <br><br><br> SALESFORCE, INC., <br><br>                 Defendant. | Civil Action No.  1:23-cv-11718-BEM |

**SALESFORCE, INC.'S ASSENTED-TO MOTION FOR EXTENSION**
**AND TO RESCHEDULE HEARING**

Pursuant to Federal Rule of Civil Procedure 6(b), Defendant Salesforce, Inc. ("Salesforce"), through its counsel, respectfully moves an extension of time to file its reply brief in support of its Motion for Summary Judgment (Dkt. 99) and its response to Plaintiff Karl Wirth's Statement of Additional Undisputed Facts (Dkt. 110) from **February 19, 2026** to **February 26, 2026**, and to reschedule the hearing on its Motion for Summary Judgment from **February 24, 2026** at 11:00 A.M. to a date that is convenient for the Court. The parties are available for a hearing on March 2, 2026 and March 6, 2026.  Plaintiff has assented to the requested relief.  As support for this motion, Salesforce states that following:

1.      On January 14, 2026, Salesforce filed its Motion for Summary Judgment.  Dkt. 99.

2.      Plaintiff's Opposition was due on February 4, 2026.  Dkt. 84, Amended Scheduling Order.

3.      On February 2, 2026, Plaintiff requested an extension of that deadline to February 9, 2026.  Dkt. 103. Salesforce agreed if Plaintiff would also agree to extend the deadline to file Salesforce's reply from February 11, 2026 to February 19, 2026.  *Id.*

1

4.      On February 3, 2026, the Court granted the parties' joint motion for extension. Dkt. 104.

5.      On February 9, 2026, the extended deadline, Plaintiff requested another extension to February 10, 2026. Salesforce assented to the request, but did not seek an in-kind extension of its reply deadline.  Dkt. 105.

6.      On February 10, 2026, the Court granted Plaintiff's motion for extension. Dkt. 106.

7.      On February 10, 2026, the extended deadline, Plaintiff requested another extension to February 11, 2026.  Salesforce agreed, but requested the filing deadline be 2:00 P.M. so Salesforce's counsel could receive the filing before a long work flight and could review the documents on that flight. Because Salesforce was already under a tight reply deadline, these extra hours were essential to Plaintiff's last requested extension not prejudicing Salesforce.  Plaintiff agreed to be bound by that deadline and filed his assented-to motion for extension.  *See* Dkt. 107.

8.      On February 11, 2026, the Court granted Plaintiff's motion for extension to 2:00 P.M. Dkt. 108.

9.      On the morning of February 11, 2026, Plaintiff's counsel informed Salesforce's counsel that Plaintiff would be filing a motion to strike certain unspecified portions of Salesforce's statement of facts relating to several general topics, but did not provide sufficient information for a complete meet and confer. Salesforce's counsel requested the necessary additional information and Plaintiff's counsel stated that he would provide it after completing the opposition filing. As of the date of this filing, Plaintiff's counsel has not provided additional information and the parties have not met and conferred about Plaintiff's anticipated motion to strike.

10.     On February 11, 2026, less than 20 minutes before the opposition deadline, Plaintiff's counsel emailed Salesforce's counsel and requested an extension to 3 P.M. to file the opposition.

11.     Plaintiff's counsel filed a motion to extend the deadline to 4:00 P.M. Dkt. 109.

12.     Despite all of these requested extensions, Plaintiff's counsel did not file the complete opposition brief until just before 9 P.M. on February 11, past the extended deadline and the Court's 6:00 pm filing deadline. Dkt Nos. 110-112. Under Local Rule 5.4(d), Plaintiff's opposition brief was filed on February 12, over one week after the original due date.

13.     Salesforce's reply brief is due on February 19, 2026.

14.     If Salesforce's only task was to file a 5-page reply to the opposition, it would be able to meet this deadline and would not be filing this motion.  However, Plaintiff's opposition was accompanied by a 130-paragraph supplemental statement of facts to which Salesforce must respond.

15.     Salesforce was not aware that Plaintiff would be filing such a lengthy statement of supplemental facts when it consented to Plaintiff's multiple extension requests.

16.     To ensure Salesforce can sufficiently respond to Plaintiff's filings and is not prejudiced by Plaintiff's numerous filing extensions and untimely filing, Salesforce respectfully requests a seven-day extension February 19, 2026 to February 26, 2026 so that it has fourteen days to file its reply and response. Plaintiff has assented to this request.

17.     Counsel for both Salesforce and Plaintiff are available for a rescheduled summary judgment motion hearing on March 2, 2026 and March 6, 2026. The parties can provide additional availability, if necessary.

3

18.     Salesforce makes this motion in good faith and not for delay or any other improper purpose.  Plaintiff will not be unfairly prejudiced by the enlargement of time.

WHEREFORE, for the reasons set forth in this Motion, Defendant Salesforce, Inc. respectfully requests that the Court grants the assented-to motion relief, extend Salesforce's deadline from **February 19, 2026** to **February 26, 2026**, and reschedule the hearing on Salesforce's Motion for Summary Judgment from **February 24, 2026** at 11:00 A.M. to a date that is convenient for the Court.  Salesforce has included a Proposed Order with this motion for the Court's convenience.

Dated: February 13, 2026

Respectfully submitted,

**SALESFORCE, INC.,**

**By its attorneys,**

*/s/ Kathleen D. Parker*
Kathleen D. Parker (BBO #681635)
Kelly E. Bungard (BBO #710798)
K&L Gates LLP
1 Congress Street, Suite 2900
Boston, MA 02114
Tel. 617-261-3100
Fax 617-261-3175
kathleen.parker@klgates.com
kelly.bungard@klgates.com

4

**CERTIFICATE PURSUANT TO LOCAL RULE 7.1**

I, Kathleen D. Parker, hereby certify that pursuant to Local Rule 7.1(a)(2), on February 12, 2026, Defendant's counsel conferred in good faith with Plaintiff's counsel in an effort to resolve or narrow the issues presented in this motion, and that Plaintiff's counsel assented to the relief requested.

Dated: February 13, 2026                 */s/ Kathleen D. Parker*
                                         Kathleen D. Parker